**UNITED STATES of America,**

v.

**Michael FARMER, Appellant.**

**No. 01–1607.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 4, 2002.

Filed Feb. 12, 2002.

Before BECKER, Chief Judge, McKEE and BARRY, Circuit Judges.

MEMORANDUM OPINION

BECKER, Chief Judge.

This is an appeal by defendant Michael Farmer from the judgment of the District Court in a criminal case following a bargained-for guilty plea. Farmer's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating, inter alia:

[D]efense counsel is compelled to advise this Court that the record has been closely inspected and independent re-

search has been conducted, which has resulted in the conclusion that the instant appeal is wholly frivolous.

Having represented the Appellant at the District Court level sentencing, defense counsel is personally aware of all facts related to this matter. Under these circumstances and because court-appointed appellate counsel has conscientiously determined that there is no merit to the appeal, it is incumbent upon counsel to request permission to withdraw. *Id.* at 744. See *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

After thorough examination of the proceedings, we agree with counsel that there are no non-frivolous issues on appeal. Judge Orlofsky's plea colloquy was thorough and precise, and there has been no suggestion of any problem with it. There is no doubt that the plea colloquy met the requirements of Fed. R.Crim. Pro. 11. Moreover, a review of the sentencing hearing transcript reveals that the Court imposed a sentence that met the requirements of Fed. R.Crim. Pro. 32. Although Farmer had raised an argument about the legality of the search, by his plea of guilty Farmer waived his right to appeal the District Court's denial of a suppression motion.

■ Farmer's contention about whether the substance involved was crack cocaine is foreclosed by his explicit stipulation and admissions of that fact; he stipulated in the plea agreement and admitted both during sentencing and in his Rule 11 proceedings that the narcotic was crack cocaine. Furthermore, the District Court did not err in denying Farmer's motion to suppress evidence. As counsel notes, Farmer pled guilty and thereby waived his right to appeal the suppression determination. Indeed, Farmer explicitly waived his right to file an appeal or collateral attack against his sentence, provided that his total of-

fense level was equal to or less than a level 32 (Farmer's total offense level was 32), and we have since held that such a waiver is enforceable. See *United States v. Khattak,* 273 F.3d 557 (3d Cir.2001).

Finally, Farmer's contentions, interposed at sentencing about the equities (and relative responsibility), while properly made to the sentencing judge, cannot affect the outcome of the sentence. Our jurisprudence requires that counsel in an Anders situation adequately attempt to uncover the best arguments for his or her client. See *United States v. Donald Wayne Marvin,* 211 F.3d 778 (3d Cir. 2000). However, having read the entire record, we are satisfied that counsel has fulfilled his Anders obligations. We will therefore grant counsel's request to withdraw, and will affirm the judgment on the merits.